**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY BERNARD BARNO, | No. 09-55646 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-01373-WMC |
| v. | |
| STUART RYAN, Warden of Calipatria; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William McCurine, Magistrate Judge, Presiding[**]

Submitted September 13, 2010[***]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Rodney Bernard Barno, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his safety and due process violations arising out of his alleged classification as a sex offender. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001), and we affirm.

The district court properly dismissed Barno's deliberate indifference claim because Barno failed to allege that he suffered any injury or threat of harm other than the allegedly erroneous classification itself, possible loss of a prison job, and temporary restrictions on visitations with minors. *See Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003) (visitor restrictions on inmates charged with substance abuse did not violate Eighth Amendment); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (there is no Fourteenth Amendment liberty or property interest in prison employment); *Hoptowit v. Ray*, 682 F.2d 1237, 1256 (9th Cir. 1982) ("[M]isclassification does not itself inflict pain within the meaning of the Eighth Amendment.").

The district court also properly dismissed Barno's due process claim because the alleged classification error did not result in any deprivations or changes in the conditions of confinement that constituted an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" so as to give rise to a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131

F.3d 818, 827-28 (9th Cir. 1997) (inmate's sex offender classification implicated a liberty interest only because applicable regulations required that sex offenders participate in a mandatory treatment program before being eligible for parole).

Barno's request to vacate his expedited motion for an order requiring prison officials to return legal documents is granted. In response to his voluminous letters requesting a copy of the docket report confirming receipt of his reply brief, we note that Barno's reply brief was filed and considered.

Barno's remaining contentions are unpersuasive.

**AFFIRMED.**